UNITED STATES of America, Plaintiff-Appellee,

v.

Carl Victor CARTER, Defendant-Appellant.

No. 722-69.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1970.

James A. Pusateri, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Douglas D. Johnson, Wichita, Kan., for defendant-appellant.

Before BREITENSTEIN and HILL, Circuit Judges, and THEIS, District Judge.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Carter and two others, Ford and Wrose, were found guilty by a jury of interstate transportation of falsely made checks in violation of 18 U.S.C. §§ 2314 and 2 and of conspiracy to violate § 2314. Carter alone appeals from the sentence imposed.

The substantive counts charge the passing of 16 falsely made checks in Topeka and Kansas City, Kansas, during the period January 4 to January 10, 1969, and the subsequent transportation of those checks in interstate commerce. Carter was connected with the passing of various checks by identifications of varying degrees of positiveness. His fingerprints were found on two of the checks. His defense was an alibi and was based on the testimony of himself and others that he was 500 miles away in the vicinity of Millerton, Oklahoma, for the period January 3 to 10, 1969. In explanation of the presence of his fingerprints on some of the checks, he testified that in October or November, 1968, an unidentified young man showed him some checks which he handled and that he refused to have anything to do with them.

Reversal is sought on the ground that the court's alibi instruction improperly shifted the burden of proving the alibi to the defendant.[1] Defense counsel made no objections to any of the instructions. Recognizing the failure to comply with Rule 30, F.R.Crim.P., defendant relies on Rule 52(b) relating to plain error affecting substantial rights of the defendant.

The government has the burden of proving all of the essential elements of an offense charged beyond a reasonable doubt. This rule is not changed when a defendant asserts an alibi. By so doing he denies the possibility of the commission of the crime by him because he was elsewhere at the time. The interposition of an alibi does not shift to the defendant the burden of persuasion of that defense. Stump v. Bennett, 8 Cir., 398 F.2d 111, 114, cert. denied 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466. In Stump a divided court held in a habeas corpus proceeding that an Iowa instruction placing on a defendant the burden of proving an alibi by a preponderance of the evidence violated the due process clause of the Fourteenth Amendment.

The instruction given in the instant case is not a model of judicial exposition but, when considered with the

---

1. The court instructed the jury that: "We now come to the question of alibi. Evidence has been introduced in this case in an effort to show or establish that the defendants were not present at the time and place the alleged crimes were committed. This is known as the defense of 'alibi'. And an alibi, if proved, is a legal and proper defense. If, after weighing the evidence in support of the alibi with all the facts and circumstances in the case, the jury has a reasonable doubt that the Government has proven any defendant or defendants were not engaged in committing any of the crimes alleged, and that such defendant or defendants were not conspirators, as charged and defined herein, and that such defendant or defendants did not otherwise aid or abet in the commission of such offense or offenses, as defined herein, then the defendant or defendants are not guilty."

other instructions, did not, in our opinion, have the effect of shifting the burden of proof. The trial court repeatedly and carefully instructed the jury on the presumption of innocence, the obligation on the government to prove all the essential elements of the offenses beyond a reasonable doubt, and the necessity of considering the instructions as a whole. We are convinced that the inept language on which defendant relies did not change the burden of proof and that the instructions, considered as a whole, did not adversely affect any of the defendant's substantial rights.

The alibi evidence was that appealing defendant Carter was accompanied on his Oklahoma trip by co-defendant Ford. In rebuttal a government witness testified that Ford was working for her in her Kansas restaurant during the pertinent period. In her testimony she mentioned the names of two other employees who were working in the restaurant at the same time. The court suggested that the named persons should be subpoenaed to appear the next morning and put the burden of action on the government. In so doing, the court said: " * * * I don't want them interfered with by anyone pending the time they appear here * * *." On their appearance the next day as government witnesses the two persons corroborated the testimony of their employer.

■ The defendant now says that he was prejudiced by the appearance of what he characterizes as court witnesses. The record shows that when the court directed the subpoenas, defense counsel said: "I think this would be fine, Your Honor." No objection was made to the appearance of either on the stand as a government witness. Failure to object precludes appellate consideration of the issue.

Claim is made that an FBI agent improperly talked to these witnesses in violation of the court's direction. The court put the burden on the government of locating and producing the witnesses. The record shows no misconduct by any government officer. At the trial no motion was made to strike the testimony of the witnesses. The argument now presented is devoid of merit.

■ Evidence was received over defense objection of transactions relating to three checks not covered by the substantive counts. Defendant Carter's fingerprints were on two of these checks. Evidence of other crimes is admissible to show intent, absence of mistake or accident, or to establish a scheme or plan. King v. United States, 10 Cir., 402 F.2d 289, 291, and Morgan v. United States, 10 Cir., 355 F.2d 43, 45, cert. denied 384 U.S. 1025, 86 S.Ct. 1976, 16 L.Ed.2d 1029. Here the evidence tended to establish a common scheme or design and was so related to the offenses charged as to establish intent and absence of mistake or accident. At the time the evidence was received and again in its final instructions to the jury, the court carefully explained and limited the effect of such evidence.

■ In his motion for a new trial the defendant asserted that one of the jurors was asleep during parts of the trial. In commenting on this the trial judge said: " * * * I watched her [the juror in question] very closely, as I do all jurors, and I am convinced she was not asleep." The conduct of the juror in open court was a matter of which the trial court had judicial knowledge and could take judicial notice. Cf. Wheatley v. United States, 10 Cir., 198 F.2d 325, 327, and Mitchell v. United States, 10 Cir., 432 F.2d 94. We have no basis for setting aside the finding of the trial judge. In any event counsel made no point to the court of the juror's condition or attitude during the trial. If he saw any misconduct it was his duty to call it to the attention of the court at the time.

Defendant attacks the sufficiency of the evidence to sustain the conviction on some, but not all, of the substantive counts. We have examined the record carefully and find no evidence to connect defendant Carter with the offenses charged in counts 11, 12, 15, and 16. Indeed, the government does not call our attention to any evidence which would

prove this defendant's participation in any of the transactions covered by those counts.

The judgment is affirmed as to the convictions on all counts except counts 11, 12, 15, and 16. On those counts the judgment is reversed and the case is remanded to the district court.