**UNITED STATES of America,**
**Plaintiff,**

v.

**William HESTER, Defendant.**

**William HESTER, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

### Nos. 71 Cr. 218(4), 73 C 186(4).

United States District Court,
E. D. Missouri, E. D.

June 19, 1973.

William Hester, pro se.

Daniel Bartlett, Jr., U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., for respondent.

### MEMORANDUM AND ORDER

WANGELIN, District Judge.

William Hester is incarcerated pursuant to a jury trial conviction in this Court in Criminal Action 71 Cr 218(4), of conspiracy to distribute heroin and the distribution of heroin; he was sentenced to two consecutive terms of five years' imprisonment. His conviction was affirmed on appeal. United States v. Hester, 465 F.2d 1125 (8th Cir. 1972). A subsequent joint motion pursuant to 28 U.S.C. § 2255 to set aside his sentence, and pursuant to Fed.R.Crim.Pro. 35 for a reduction of sentence was denied. This denial was affirmed on appeal in an unreported opinion. United States v. Hester, No. 72–1748 (8th Cir. March 22, 1973).

Hester now has filed a petition for a writ of error *coram nobis* in Criminal Action No. 71 Cr 218(4); he has also filed a motion to set aside and vacate his sentence (28 U.S.C. § 2255) and a petition for a writ of habeas corpus both of which have been consolidated in Civil Action No. 73 C 186(4).

In support of his petition for a writ of error *coram nobis* Hester shows in the transcript of the trial two instances of inconsistency in the testimony of arresting government agents. The first inconsistency relates to which government agents were present at petitioner's arrest. Agent Thompson testified that he and Agent Peoples arrested petitioner and that Agents Hill and Willis were not present at the arrest. (Tr. 104). Agent Peoples testified that Agents Hill and Willis *were* present. (Tr. 76–77). The second inconsistency related to the cause of petitioner's head injuries suffered at the time of the arrest. Agent Moriarity testified that he assisted in the arrest, that he and Agent Peoples struck petitioner when he attempted to reach for a weapon, and that petitioner struck his head on a metal cold air return duct. (Tr. 331–333). By these inconsistencies petitioner attacks the credibility of the agents in their trial testimony regarding the events of his arrest and the subsequent interrogation. He further purports to show, for the first time, that the cold air return duct in the room where he was struck by the agents is too much near the ceiling for him to have fallen against it.

This Court has power to issue a writ of error *coram nobis*, 28 U.S.C. § 1651, to correct errors of record of the most fundamental character. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Gajewski v. United States, 368 F.2d 533 (8th Cir. 1967), cert. den., 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967). However, where a motion to vacate, set aside or correct a sentence is an available remedy, as it is here, it should be utilized instead of a petition for a writ of error *coram nobis*. Adam v. United States, 274 F.2d 880 (10th Cir. 1960); Cito v. United States, 283 F.2d 49 (10th Cir. 1960), cert. den., 366 U.S. 938, 81 S.Ct. 1664, 6 L.Ed.2d 849. Therefore, this ground of testimonial inconsistency and placement of the cold air duct will be considered as a ground for relief under

28 U.S.C. § 2255. Burns v. United States, 321 F.2d 893 (8th Cir. 1963).

In support of his petition seeking habeas corpus relief Hester alleges that Juror No. 1 slept at times during his trial. This Court will consider this ground in conjunction with those set out in his petition for relief under 28 U.S.C. § 2255.

In support of his petition for relief under § 2255, Hester alleges (1) that he was not advised of his rights, contrary to the trial evidence of his post-arrest admission of guilt; (2) that he was improperly and unlawfully arrested; and (3) that he received ineffective assistance of counsel.

 Petitioner's allegation of testimonial inconsistency is an attack upon the sufficiency of the evidence. Such an attack is not properly made in collateral attack on a conviction, but rather on direct appeal. Holt v. United States, 303 F.2d 791 (8th Cir. 1962), cert. den., 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132; Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965), cert. den., 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534; Weaver v. United States, 418 F.2d 475 (8th Cir. 1969). The trial testimony of arresting agents, of petitioner's wife, and of petitioner himself indicate that as many as six agents may have entered petitioner's premises to effect the arrest. There was inconsistent testimony over the presence of Agents Hill and Willis, and the presence of Agent Moriarity was not clearly indicated in the testimony of the other agents. However, these seeming inconsistencies are not sufficient to rise to the level of perjury. The Court notes that petitioner has not alleged that perjured testimony was knowingly or willfully used by the prosecution. Early v. United States, 309 F.Supp. 421 (D.Kan.1969). The seeming inconsistency in the testimony, as petitioner admits, may affect the agents' credibility. This issue of credibility was resolved against the petitioner by the jury.

Petitioner's allegation regarding the placement of the cold air return duct is a fact, if true, that he knew at the time of trial. It was not raised at that time, in spite of the emphasis placed by the defense upon issue of whether petitioner was beaten by the arresting agents without provocation.

 Petitioner's allegation that Juror No. 1 slept during the course of the trial was not treated by the government in its response to the petition for a writ of habeas corpus. The Court has carefully reviewed the trial transcript and has found no reference to an instance in which this juror slept. The allegation is made for the first time in the instant petition. Petitioner does not allege that his knowledge of the sleeping juror came to him since his appeal. He does not allege the source of this information. After reviewing the trial record, which includes a poll of the jury following the rendering of the verdict, the Court is of the opinion that this factually unsupported allegation is not a sufficient basis for collateral attack. Had this information been known to petitioner before appeal he might have raised the issue on appeal. He did not raise it then and he did not object on this basis at trial. The Court will deny this ground. *Early, supra.*

 Petitioner's allegation that he was never advised of his constitutional rights after his arrest is without substance. Petitioner alludes to the evidence of an oral admission made by him while in police custody. However, this evidence was offered by the defense and was the subject of examination by defense counsel. It was petitioner's position at trial, in his own testimony, that he never made this admission. He continues this denial in the instant petition. Having taken this position with regard to this oral admission, he is now unable to allege that the post-arrest failure by the government to advise him of his constitutional rights had any effect upon the outcome of the trial. This ground will be denied.

Petitioner's allegation of improper arrest is merely a conclusory statement.

In light of the trial record of the events leading up to petitioner's arrest, this ground is clearly frivolous.

■ Petitioner's last ground, that he did not have effective assistance of counsel is based upon two factual allegations. First, petitioner alleges that his retained defense counsel failed to acceed to his demands that certain witnesses be subpoenaed. Second, petitioner alleges that his counsel advised him to "exploit himself" on the witness stand during the trial. Petitioner does not explain what is meant by "exploit." If it means that he should use the opportunity to testify at trial to the best advantage, the Court is of the opinion that such advice is not improper. Counsel's alleged decision not to subpoena certain witnesses cannot upon the trial record, without more, be said to indicate ineffective assistance. Cardarella v. United States, 375 F.2d 222 (8th Cir. 1967), cert. den., 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176. This ground is devoid of factual substance.

In consequence,

It is hereby ordered that the instant petitions for post-conviction relief be and are denied.