**UNITED STATES of America,
Appellee,**

v.

**William HESTER, Appellant.**

**No. 73-1528.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1973.

Decided Dec. 17, 1973.

See aso, 8 Cir., 465 F.2d 1125.

William Hester, filed brief pro se.

Donald J. Stohr, U. S. Atty., and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., filed printed brief for appellee.

Before GIBSON and ROSS, Circuit Judges, and SMITH, Senior District Judge.*

PER CURIAM.

William Hester appeals from the dismissal of his 28 U.S.C. § 2255 motion.[1] We affirm.

This motion arises out of the trial and conviction of Hester for violating the provisions of 21 U.S.C. § 846 and 21 U. S.C. § 841(a)(1). *See* United States v. Hester, 465 F.2d 1125 (8th Cir. 1972).[2] Essentially Hester asserts that his conviction should be vacated because: 1) he was unlawfully arrested; 2) he was denied effective assistance of counsel; 3)

---

\* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Hester brought a habeas corpus action, a coram nobis action and a § 2255 action. The district court considered the allegations raised in the habeas action, and the coram nobis action in terms of a § 2255 motion. These three filings were considered together by the court in United States v. Hester, 361 F.Supp. 1404 (E.D.Mo.1973).

2. Hester has prosecuted another § 2255 motion on grounds other than those asserted here. For this Court's decision affirming the denial of the motion, *see* United States v. Hester, 72–1748 (8th Cir., March 22, 1973).

he was denied a fair trial; 4) government agents perjured themselves during trial. Specifically Hester claims that he is entitled to an evidentiary hearing to establish these claims, as the district court denied his motion without a hearing. We disagree.

■ Generally speaking, no hearing need be held on a § 2255 motion where the files and records of the case demonstrate that the petitioner is not entitled to relief, or, where the motion raises only a question of law. *See* 28 U.S.C. § 2255; Mixen v. United States, 469 F.2d 203, 205 (8th Cir. 1972, cert. denied, 412 U.S. 906, 93 S.Ct. 2297, 36˙ L.Ed.2d 971 (1973); C. Wright, Federal Practice and Procedure § 599 at 626 (1969). In addition, a hearing is not required where the motion is stated in vague and conclusory terms. *See* United States v. Journey, 474 F.2d 1003 (8th Cir. 1973). With these considerations in mind, Hester's claims will be considered briefly.

### 1. *Unlawful Arrest.*

■ Although Hester claims that he was never "officially arrested,"[3] it appears that what Hester actually claims is that the *prosecution* used, during trial, a statement obtained from him in violation of Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The problem with this argument is that the transcript of trial clearly indicates that *defense counsel,* who was retained, not the prosecution, used Hester's statements to impeach the credibility of certain government agents. *See* Tr. 106–111, 361. Therefore, Hester's assertion is simply not supported by the record.

### 2. *Ineffective Assistance of Counsel.*

■ Hester claims his retained counsel was ineffective. However, Hester is not entitled to relief or a hearing where the allegation raises simply a matter of trial tactics. *See, e. g.,* Hanger v. United States, 428 F.2d 746, 747–749 (8th Cir. 1970), cert. denied, 400 U. S. 1022, 91 S.Ct. 586, ˙27 L.Ed.2d 634 (1971). Specifically Hester claims that counsel should have called as witnesses certain unnamed persons, and further that counsel should not have suggested that Hester testify in his own behalf. These allegations are nothing more than quarrels with the tactics counsel used to defend Hester. *See, e. g.,* Churder v. United States, 294 F.Supp. 207, 212–214 (E.D.Mo.1968), aff'd per curiam, Churder v. United States, 417 F.2d 633 (8th˙ Cir. 1969); Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 792, 794, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).

### 3. *Fair Trial.*

■ Hester claims he was not afforded a fair trial since a juror allegedly slept through portions of the trial. Hester has never raised this allegation before. Other courts which have considered the "sleeping juror" problem have suggested that the trial court should be apprised, at once, of the misconduct. *See* United States v. Curry, 471 F.2d 419, 421–422 (5th Cir. 1973); United States v. Carter, 433 F.2d 874, 876 (10th Cir. 1970). Hester, failing to apprise the trial court of this alleged misconduct, should not be allowed to inject "a defect into the trial, and later claim its benefit." United States v. Curry, *supra,* 471 F.2d at 422.[4]

---

3. Normally, irregularities associated with arrest are not cognizable in a § 2255 motion. *See, e. g.,* Williams v. United States, 344 F. 2d 264, 265 (8th Cir.), cert. denied, 382 U.S. 857, 86 S.Ct. 112, 15 L.Ed.2d 95 (1965); C. Wright, Federal Practice and Procedure, *supra,* § 595 at 607.

4. We note that the transcript, including the poll of the jury, shows no misconduct on the part of the jurors. Furthermore, the judge who presided over the § 2255 motion was also the judge who presided over Hester's criminal trial, and he has not indicated any memory of juror misconduct. *Cf.* United States v. Curry, *supra,* 471 F.2d at 422; United States v. Carter, *supra,* 433 F.2d at 876: "The conduct of the juror in open court was a matter of which the trial court had judicial knowledge and could take judicial notice."

### 4. *Perjury.*

 Hester claims that certain government agents perjured themselves. He clearly relies on the files and records, specifically the transcript of trial and an exhibit he attached to his motion, in order to prove his allegation of perjury. As the district court indicated, while there may have been inconsistencies in the statements of some of the agents, such inconsistencies do not rise to the level of perjury. In this situation no hearing was required. *See* Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973). More fundamentally, Hester did not allege that the statements were used by the prosecution with knowledge of the falsity. This failure is fatal to Hester's claim. Derringer v. United States, 441 F.2d 1140, 1142 (8th Cir. 1971); Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); C. Wright, Federal Practice and Procedure, *supra,* § 595 at 615.

The denial of the motion is affirmed.