943 P.2d 1237

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Debbie L. McABEE, Defendant–Appellant.**

No. 23230.

Court of Appeals of Idaho.

Aug. 13, 1997.

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender, Boise, for Defendant–Appellant.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for Plaintiff–Respondent.

PER CURIAM.

In this appeal from a judgment of conviction for forgery and burglary, the appellant asserts that the district court erred in admitting evidence of a separate, uncharged forgery. We conclude that the evidence was properly admitted.

Debbie L. McAbee was charged with forgery, I.C. § 18–3601, and burglary, I.C. § 18–1401, after she entered a bank and attempted to cash a $500 check drawn by Nanotek Inc. and made payable to "Checkmate." McAbee had placed an unauthorized endorsement on the check. A suspicious bank employee contacted the payee and the police, and McAbee was immediately arrested.

Before trial, the State gave notice of its intent to present evidence of uncharged misconduct involving a second check drawn by E.K.C. Construction which, like the Nanotek check, did not reach its intended payee and bore McAbee's unauthorized endorsement. This check had been cashed at the same bank where McAbee attempted to pass the Nanotek check. On the first day of trial, McAbee made a motion to exclude evidence

of this second check on the ground that the State had not responded to discovery requests regarding the check. In connection with this motion, the prosecutor advised the court that the State would not attempt to introduce the E.K.C. check in its case-in-chief, but might offer it during the State's rebuttal case. The court therefore reserved its ruling on the motion. The defense evidence at trial included McAbee's own testimony. She testified that the check she had attempted to pass immediately before her arrest was intended for her. She said it was a check from a trust fund for her benefit created by her grandfather's will, and she disclaimed any knowledge of a check drawn by Nanotek. McAbee further testified that her grandfather was J. Paul Getty. McAbee also presented the testimony of a psychologist who opined that McAbee had a personality disorder and a low I.Q. and that she was drug and alcohol dependent. In rebuttal, the State sought to introduce evidence regarding McAbee's unauthorized endorsement of the E.K.C. check. After hearing further argument regarding the admissibility of the evidence, the court allowed its introduction. At the conclusion of the trial, the jury returned a guilty verdict.

On this appeal McAbee argues that the evidence of the E.K.C. check was inadmissible under I.R.E. 404(b), which prohibits evidence of other crimes if the evidence is offered to prove that a person is of bad character and acted in conformity therewith.[1] She further argues that any probative value of this evidence was outweighed by its prejudicial impact and therefore it should have been excluded by terms of I.R.E. 403.[2]

Our standard of review applicable to a trial court's admission of evidence to which objection was made under I.R.E. 404 and 403 was expressed in *State v. Blackstead*, 126 Idaho 14, 878 P.2d 188 (Ct.App.1994):

Questions regarding the admissibility of evidence under I.R.E. 404 present a two-level inquiry. The court must first determine whether the evidence is relevant to some purpose other than proof of the defendant's character. *State v. Buzzard*, 110 Idaho 800, 802, 718 P.2d 1238, 1240 (Ct. App.1986). In considering this issue on appeal we exercise free review since relevancy is a question of law. *State v. Raudebaugh*, 124 Idaho 758, 766, 864 P.2d 596, 604 (1993). Upon finding a relevant and permissible purpose for the evidence, the trial court must then exercise its discretion in weighing the probative value of the evidence against any unfair prejudicial impact to decide whether the evidence should be admitted. *Buzzard*, 110 Idaho at 802, 718 P.2d at 1240. On appeal we review this determination for an abuse of discretion. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Medrano*, 123 Idaho 114, 118, 844 P.2d 1364, 1368 (Ct.App.1992).

*Id.* at 17, 878 P.2d at 191.

██ We first consider the State's argument that McAbee did not make an objection in the trial court based on I.R.E. 404(b), and therefore has not preserved the issue for appeal. Our review of the trial record reveals that, in presenting her motion to exclude the evidence, McAbee initially argued that the evidence should be disallowed because of the State's alleged discovery violation, and she did not assert that the evidence was inadmissible under Rule 404(b). However, in a series of arguments regarding the admissibility of this evidence that occurred throughout the trial, the State asserted that the evidence was relevant for purposes permitted by Rule 404(b), including the purpose of showing McAbee's intent, opportunity to commit the charged crime, and absence of mistake or accident. McAbee's attorney

---

1. Idaho Rule of Evidence 404(b) provides:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. Idaho Rule of Evidence 403 provides:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

countered with arguments that the permissible purposes enumerated in Rule 404(b) were not applicable and also urged that the evidence should be excluded because it would be unfairly prejudicial. Therefore, we conclude that the issue framed in the appellant's brief was sufficiently preserved for appeal.

■ We turn, then, to the merits of the parties' arguments regarding the application of I.R.E. 404(b) to the evidence that, prior to the charged offense, another business's check had been paid, based upon McAbee's unauthorized signature of endorsement, by the same bank where she attempted to pass the Nanotek check. The district court held that the proffered evidence was probative and admissible under Rule 404(b) to prove the absence of mistake or accident. We agree with the district court's analysis.

Both of the offenses with which McAbee was charged require specific intent. To prove the forgery charge, the State was required to show that McAbee possessed the "intent to prejudice, damage, or defraud" another person when she endorsed or attempted to pass the Nanotek check. I.C. § 18–3601. Proof of the burglary charge required a showing that she entered the bank with the intent to commit a theft or a felony. I.C. § 18–1401. McAbee's testimony that she believed she was authorized to endorse and cash the check because it was from a trust fund established for her by J. Paul Getty, and her psychologist's testimony regarding McAbee's personality disorder, drug dependency and low intelligence placed the intent elements sharply at issue. By this testimony, McAbee evidently sought to persuade the jury either that she suffered from a mental disability which caused her to be incapable of forming the requisite intent or that she acted by mistake in endorsing and presenting the wrong check for payment. The evidence of McAbee's prior unauthorized endorsement of another check tended to discredit her claim of a mistake. It was probative to show that McAbee acted with intent to defraud and not by inadvertence. *See*

*Kerr v. First Commodity Corp. of Boston,* 735 F.2d 281, 286 (8th Cir.1984) (in fraud action, evidence of similar frauds against other customers admissible to show absence of mistake and intent to defraud); *United States v. Jardina,* 747 F.2d 945, 952 (5th Cir.1984) (evidence that defendant had passed other counterfeit bills admissible in counterfeiting prosecution to show intent and lack of mistake); *United States v. Witschner,* 624 F.2d 840, 843 (8th Cir.1980) (in mail fraud prosecution for filing false medical claims, evidence of uncharged false claims was admissible to show charged offenses were not result of inadvertence); *United States. v. Maestas,* 554 F.2d 834, 837 (8th Cir.1977) (in prosecution for interstate transportation of forged securities, evidence that defendant had recently cashed other forged checks, several of them drawn on the same bank, admissible to show defendant did not act through inadvertence or mistake); *United States v. Carter,* 433 F.2d 874 (10th Cir. 1970) (in prosecution for interstate transportation of falsely made checks, evidence of other check transactions admissible to show absence of mistake or accident).

Having determined that the evidence of another forgery by the defendant was admissible, the district court then performed the balancing test called for by I.R.E. 403 and expressly concluded that the probative value of the evidence was not substantially outweighed by unfair prejudice. We find no abuse of discretion in that determination.

The evidence of a prior unauthorized endorsement of a check by the defendant was properly admitted at trial. Accordingly, McAbee's judgment of conviction for forgery and burglary is affirmed.