**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ELBERT ARTHUR FALLIS, aka
Elbert A. Hurd, Jr.,

        Defendant-Appellant.

No. 96-3414
(D.C. No. 96-CR-20017)
(D. Kansas)

ORDER AND JUDGMENT[*]

Before EBEL, LOGAN, and BRISCOE, Circuit Judges.[**]

Defendant Elbert A. Fallis appeals after a jury convicted him on three counts of

aiding and abetting obstruction of commerce by robbery, in violation of the Hobbs Act,

18 U.S.C. § 1951, and one count of aiding and abetting armed bank robbery, in violation

of 18 U.S.C. § 2113(a) and (d). The district court imposed a 240-month sentence.

Defendant argues that the district court erred in denying his motion to vacate his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

conviction and for a new trial, denying his motion for acquittal, and in adjusting his offense level upward for obstruction of justice and role in the offense.[1]

The government presented evidence that defendant, along with several others, robbed two convenience stores and a cafe in December 1995. Defendant used a pellet gun to effect each robbery. Defendant and Matthew Jones first robbed a Quik Trip, obtaining $130 and two cartons of Marlboro Red cigarettes. Defendant and Jones also robbed a cafe eight days later netting less than $200; a third accomplice, Andrew Kemme, drove the getaway vehicle. Finally, defendant, Jones, and defendant's wife Jessica Fallis borrowed Kemme's van and robbed a 7-Eleven. There they took an entire ATM machine containing $28,440, as well as some cash from the register and change machine and nineteen cartons of Marlboro Red cigarettes.

The government's case included testimony from Jessica Fallis, Jones, and Kemme, all of whom had negotiated plea agreements. The prosecution also presented testimony by defendant's in-laws and three of defendant's acquaintances--Christopher Wallace, Sara Flaherty, and Christopher Price--with whom defendant had discussed the crimes. Several eyewitness-victims also testified. The evidence also included parts of the ATM machine, tools apparently used to break into it, and the pellet gun, all recovered from defendant's former residence.

---

[1] We grant defendant's motion to withdraw two motions (for appointment of counsel and "notice") filed during the pendency of this appeal and grant his motion to be permitted to file a supplemental brief.

# I

Defendant first contends that the district court erred in denying his motion to vacate his conviction and grant him a new trial. The district court has broad discretion to grant a new trial "if required in the interest of justice." Fed. R. Crim. P. 33. We will not disturb the district court's ruling absent "plain abuse" of that discretion. United States v. Caro, 965 F.2d 1548, 1558 (10th Cir. 1992).

The essence of defendant's motion for new trial was that he presented newly discovered evidence that the jury should have considered and he was denied effective assistance of counsel. Insofar as the motion was based on the ground of newly discovered evidence it was timely. See Fed. R. Crim. P. 33. Insofar as it was based on other grounds it was untimely because not filed within seven days after the verdict or the thirty-day extension of time granted by the court. See id.; Fed. R. Crim. P. 45(b); United States v. Johnson, 12 F.3d 1540, 1548 (10th Cir. 1993).

This the district court recognized. But because defendant had moved pro se to dismiss his trial counsel--asserting constitutionally ineffective assistance--the court appointed new counsel. The court permitted that new counsel to argue defendant's ineffective assistance claims and ruled that the trial court record was sufficient to evaluate his allegations. The court then addressed the merits of defendant's arguments, denying his motion. In substance the district court treated defendant's ineffective assistance

claims as if raised in a 28 U.S.C.§ 2255 motion. In these rather unusual circumstances we believe we may address on appeal the merits of the district court's denial of relief.

A

In order to prevail on a claim of entitlement to a new trial based on newly discovered evidence a defendant must establish that the evidence (1) was discovered after trial, (2) is not merely cumulative or impeaching, (3) is material to issues in the case, and (4) probably would produce an acquittal; defendant also must show that (5) the failure to discover and produce the evidence was not attributable to lack of diligence. United States v. Sutton, 767 F.2d 726, 728 (10th Cir. 1985).

Defendant's first claimed item of new evidence is that he possessed Camel cigarettes at the time of his arrest. Defendant asserts that evidence would have undermined the prosecution's proof that he participated in the theft of Marlboro Red cigarettes. This is questionable logic and, in any event, it is not newly discovered evidence. Defendant knew before trial that he possessed Camel cigarettes when he was arrested and that the indictment charged him with stealing Marlboro Reds. See United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir. 1994) ("[E]vidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial.").

Defendant secondly offers the affidavit of fellow inmate William Wilson who purportedly overheard codefendant Jones discussing his involvement with various robberies. Defendant contends that Jones' failure to name defendant in Jones'

discussions with Wilson is exculpatory evidence that the jury should have heard. Wilson's affidavit, however, does not contain any specific information about the crimes in the instant case. The district court properly denied defendant's motion for new trial based on newly discovered evidence.

B

Arguing that his trial counsel violated his Sixth Amendment right to effective assistance of counsel, defendant asserts that counsel failed to file (1) a motion to suppress defendant's videotaped statement, and (2) pretrial motions to examine footprints and tire tracks at the scene of one of the robberies. He also contends his counsel did not (3) effectively cross-examine witnesses or elicit specific testimony favorable to him, and (4) on one occasion referred to defendant by his alias, thus subjecting him to harmful prejudice. We have examined the record and cannot add significantly to the district court's discussion of these issues in its Memorandum and Order Denying Relief, see III R. doc. 165, and we affirm for substantially the reasons stated therein.

II

Defendant asserts that his convictions under the Hobbs Act should be set aside because the government failed to establish sufficient potential impact on interstate commerce to support a conviction. This is a challenge to the constitutionality of the Hobbs Act as applied to convenience store robberies like those at issue here. We have

rejected that argument in United States v. Bolton, 68 F.3d 396, 398-99 (10th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996), which is controlling here.

III

Defendant's argument based on the district court's refusal to hold an investigative hearing on allegations that a juror slept during part of the trial is without merit. Defendant did not identify the allegedly inattentive juror until the hearing on post-trial motions more than six months after trial; and he did not identify any portion of the trial the juror missed or why defendant did not bring this matter to the court's or his counsel's attention in a timely fashion. United States v. Carter, 433 F.2d 874, 876 (10th Cir. 1970) (duty lies with defendant to promptly bring such matters as an allegedly sleeping juror to the attention of the court).

We perceive no error in the district court's admission of a portion of defendant's post-arrest videotaped interview or of his booking photograph. A brief portion of the videotape was played for the jury to establish defendant's knowledge of how one of the robberies was committed, and the booking photo was admitted during an officer's testimony identifying it as defendant's photo taken upon his arrest, probative of his identity. We review this evidence under an abuse of discretion standard, see United States v. Poole, 929 F.2d 1476, 1479 (10th Cir. 1991), and find no such abuse.

Defendant's claim that the verdict was against the weight of the evidence is frivolous. All three of the codefendants--including defendant's wife--testified against

him, as did eyewitnesses and several others with whom he had discussed the crimes. The government also introduced physical evidence of the stolen ATM and a pellet gun like that used in the robbery, recovered from defendant's former residence. Matters of credibility of witnesses are left to the trier of fact, and we do not consider witness credibility when determining sufficiency of the evidence. United States v. Muldrow, 19 F.3d 1332, 1338-39 (10th Cir. 1994). The record contains ample evidence to support defendant's convictions.

IV

Defendant finally challenges enhancements to his adjusted offense level for obstruction of justice and role in the offense. We review for clear error the district court's fact finding supporting sentencing decisions, United States v. Williams, 897 F.2d 1034, 1040 (10th Cir. 1990), and afford due deference to its application of the Guidelines, reviewing the district court's application of the Guidelines de novo when it concerns contested issues of law. United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir. 1990). The government must establish by a preponderance of the evidence the facts supporting sentence increases. Id. at 1560.

The district court increased defendant's offense level by two points for obstruction of justice, applying USSG § 3C1.1. The court found that defendant told Jessica Fallis soon after his arrest but before she was apprehended, to "hide out and lay low" and if questioned by police to deny her involvement. IX R. 9 at ¶¶ 30-32. He also sent her a

letter during his incarceration, but before trial, indicating his surprise that she had admitted her guilt, denying his involvement and suggesting a scenario implicating Kemme. I Supp. App. doc. 182 gov't ex. 1. The district court concluded that defendant's actions were intended to influence, intimidate or threaten Jessica, a government witness. We cannot say the court erred in reaching this conclusion. See USSG § 3C1.1 comment (n.3).

The district court also increased defendant's offense level by two points for role in the offense, applying USSG § 3B1.1(c). The district court based this increase on its findings that only defendant carried a firearm during the robberies, and that he arranged for use of the getaway van, recruited his wife and Kemme, attempted to recruit Wallace, and was in charge at the crime scenes. Defendant argues that the evidence showed that the crimes were a "group effort." Our reading of the record, however, reveals ample evidence to support the district court's findings that defendant was the leader in these criminal acts.

Defendant finally objects to the district court's consideration of three psychological evaluations completed in 1989-1990 during his juvenile incarceration for murder. He asserts the evaluations should be disregarded because they were hearsay and were performed years before the instant sentencing. A court, however, may consider hearsay at sentencing if it has "indicium of reliability." United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir. 1990) (citation omitted). Although he received notice and a

full opportunity to challenge their content, defendant failed to show the evaluations were unreliable.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge