**The UNITED STATES of America,
Appellee,**

v.

**Elijah COLEMAN, Appellant.
No. 11781.**

United States Court of Appeals
Third Circuit.

Submitted Feb. 7, 1956.

Decided Feb. 28, 1956.

Elijah Coleman, pro se.

Raymond Del Tufo, Jr., U. S. Atty., Everett T. Denning, Asst. U. S. Atty., Newark, N. J., for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an appeal from the denial in the same case of a second motion under 28 U.S.C. § 2255.

On May 23, 1952, appellant was convicted on all counts of a six count indictment charging him and others with the

sale and concealment of heroin in violation of 21 U.S.C.A. § 174. He was sentenced to imprisonment for a period of ten years, to run concurrently with a sentence of five to seven years imposed February 7, 1951 by the Essex County Court of New Jersey. The state court conviction was for violation of state narcotic laws by reason of a heroin sale on October 14, 1950. That same sale was also the basis for the allegations of counts V and VI in the federal indictment.

The first motion, above referred to, asked for vacation of the federal sentence because of alleged double jeopardy and because of the claim that in three instances a single offense was divided into two separate offenses for the purpose of imposing more severe and extensive punishment. This was denied by the district court by its opinion and order filed October 8, 1954. The defendant appealed but subsequently abandoned his appeal.

The present motion, filed August 29, 1955, stated that appellant was illegally arrested, fraudulently indicted and convicted in the district court as a result of a conspiracy between federal narcotic agents, the assistant district attorney in charge of the case and government witnesses whereby illegal and fraudulent evidence was presented to the grand jury and perjured testimony given at the trial. That motion was denied by the district court opinion and order filed October 27, 1955.

In his motion appellant alleged that two federal narcotic agents solicited one Hemingway, a government witness, to come to their office for the sole purpose of entering into a conspiracy with another agent to procure illegal evidence and testimony to secure a conviction of appellant and did secure such conviction; that it would be established on a proper hearing that the assistant district attorney and the agents established a method regarding deals, intimidation and promises to witnesses to manufacture evidence (in support of this last a portion of the testimony of a trial witness, Myrtle Moore, is quoted); that the offense charged against appellant was shown at the trial to have been committed by Miss Moore; that the district attorney took physical possession of illegal evidence, submitted it to the grand jury and thereby caused the indictment against appellant; that a conspiracy was entered into with government witness Hemingway to purchase narcotics from persons unknown to appellant in order to obtain an indictment of appellant and that Hemingway and two other government witnesses, Blair and Griggs, gave perjured testimony at the trial as the result of the conspiracy with the agents; that the assistant district attorney and one of the agents suppressed evidence which would have been sufficient to acquit appellant. There was no factual support offered for these allegations other than certain quoted excerpts from the trial transcript.

The trial court in its opinion denying this motion without a hearing said: "At the time of the trial, as the record shows, the question of the existence of a conspiracy of the nature alleged by the petitioner was made the subject of testimony, heard at the insistence of the court, and in the presence of the jury. This was part of the evidence considered by the jury which by its verdict indicated disbelief in the existence of such a conspiracy. With this inferred conclusion, the court, which had the opportunity of observing the witnesses as they testified and weighing their credibility, was in complete accord. It may be well to note at this time that the defendant during his trial in this court testified that he had been convicted in the state court for violation of the State Narcotic Act [N.J.S. A. 24:18–1 et seq.], involving the sale which was the basis of the conviction in this court."

The trial court went on to say that "At the time of sentence, when reference was made to the continued protests of innocence of the defendant, the court pointed out, that in view of the testimony, in order to believe these protestations, it would have to believe that the defendant was the victim of a corrupt conspiracy between the Assistant Unit-

ed States Attorney and the government witnesses with attendant perjury on the part of the witnesses, which definitely this Court found no reason to believe." It is worthy of note, as the trial judge commented, that despite the above facts, appellant in his first 2255 motion made no mention of the presently urged conspiracy. The district judge in denying the requested hearing under § 2255 held that appellant in asserting "a conspiracy to procure and use perjured testimony gives no indication of anything other than what was considered at his trial."

We have gone over the trial transcript carefully. We find nothing substantial now alleged by appellant, including all proper inferences, that was not before the court and jury at the trial and at the later sentencing of appellant. We think that the district judge, with full appreciation of the requirements of § 2255, rightly denied the hearing requested under this motion.

The order of the district court will be affirmed.