In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1729

United States of America,

Plaintiff-Appellee,

v.

Cornell R. Byrd,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-0074M-X-01--John C. Shabaz, Judge.

Argued August 7, 2001--Decided August 27, 2001


  Before Coffey, Kanne, and Williams, Circuit
Judges.

  Per Curiam.  Cornell Byrd pleaded guilty
to simple assault on an officer engaged
in the performance of official duties, 18
U.S.C. sec. 111(a)(1), and was sentenced
to the statutory maximum penalty of 12
months' imprisonment. He now claims that
the district court effectively denied him
credit for acceptance of responsibility,
U.S.S.G. sec. 3E1.1, by sentencing him to
the statutory maximum. Alternatively,
Byrd maintains that the government
violated the spirit of the plea agreement
by recommending a sentence at the highest
end of his guideline range. We affirm in
part and dismiss for want of jurisdiction
in part.

  In 1999 Byrd was convicted on two counts
of assaulting and interfering with
federal officers, 18 U.S.C. sec.
111(a)(1), and was sentenced to
concurrent 36-month terms of
imprisonment. On appeal, however, we held
that the district court abused its
discretion by refusing to let Byrd
present certain favorable evidence, and
thus remanded for a new trial. United
States v. Byrd, 208 F.3d 592 (7th Cir.
2000).

  Before retrial Byrd pleaded guilty to an
information charging him with only one
count of simple assault. In exchange for

the plea, the government agreed to dismiss the original charges and to recommend that Byrd receive a two-level reduction for acceptance of responsibility.

In the presentence report, the probation officer adopted the government's recommendation and credited Byrd with a two-level downward adjustment for acceptance of responsibility under U.S.S.G. sec. 3E1.1. The probation officer then determined Byrd's adjusted offense level to be 4, which, when coupled with his criminal history category of VI, produced a sentencing range of 6 to 12 months. If Byrd had not received the two-point reduction for acceptance of responsibility, his guideline range would have been 12 to 18 months.

At sentencing before a magistrate judge, the government recommended that Byrd be sentenced at the highest end of his guideline range, i.e., to a 12-month term of imprisonment. In response Byrd argued that imposing a 12-month sentence would in essence deprive him of any benefit for acceptance of responsibility because 12 months was the maximum sentence he could have received by statute. The magistrate judge disagreed, however, concluding that "in the larger sense Mr. Byrd has gotten the benefit of acceptance of responsibility and he's gotten a just deal here because . . . the government has removed the felony charges and there is no possibility of a three-year sentence any more." The magistrate judge also found that a sentence at the top of the guidelines range was "necessary to hold [Byrd] accountable for his criminal conduct and . . . to serve as an individual and general deterrent." Based on these factors, the magistrate judge sentenced Byrd to 12 months' imprisonment with a recommendation that the last three months be spent in a community corrections center. Byrd appealed to the district judge, see Fed. R. Crim. P. 58(g)(2), who affirmed the magistrate judge's decision.

On appeal Byrd first claims that the district court abused its discretion by sentencing him to the statutory maximum penalty. But as we have repeatedly held, absent an error of law or misapplication of the guidelines, there is no appellate

jurisdiction over a district court's choice of a sentence within an otherwise correct guideline range. E.g., United States v. Crucean, 241 F.3d 895, 898 (7th Cir. 2001); United States v. Ward, 211 F.3d 356, 367 (7th Cir. 2000); United States v. Hardy, 101 F.3d 1210, 1212 (7th Cir. 1996); United States v. Solis, 923 F.2d 548, 551-52 (7th Cir. 1991); see also 18 U.S.C. sec. 3742(a) (listing the circumstances in which a defendant may seek review of an otherwise final sentence, including if the sentence was imposed "in violation of law" or as a result of an incorrect application of the guidelines). Here, Byrd claims that his sentence was imposed "in violation of law" because "although within the guideline range, it awarded no credit for acceptance of responsibility." We disagree. The probation officer, in evaluating Byrd's offense level, included a two-level reduction for acceptance of responsibility, yielding a sentencing range of 6 to 12 months (down from 12 to 18 months). Byrd concedes that his guide line range was properly calculated and fails to give any reason why the district court's discretionary decision to sentence him at the top of that range was "in violation of law" within the meaning of 18 U.S.C. sec. 3742(a). Cf. United States v. Poff, 926 F.2d 588, 590 (7th Cir. 1991) (decision not to depart from the sentencing guidelines is reviewable on appeal if it results from a legal conclusion that the judge lacks authority to depart). We therefore lack jurisdiction to review his claim.

Next, Byrd submits that although the government did not overtly violate the terms of the plea agreement (because it did agree with the two-level reduction for acceptance of responsibility), it breached the agreement in spirit by requesting a 12-month sentence. But the plea agreement does not bind the government to recommend a particular sentence within the guideline range and in fact specifically provides that "the United States has made no promises or guarantees regarding the sentence which will be recommended by the United States or imposed by the Court." The agreement further states that "[t]he United States reserves the right to make whatever comments it deems relevant to the sentencing process." In short, the agreement does not in any way restrict

the government from recommending a sentence at the top of the guideline range, and so no breach occurred. See United States v. Scroggins, 965 F.2d 480, 483 (7th Cir. 1992) (government did not breach plea agreement by recommending an upward departure where the agreement did not bind it to recommend any specific sentence within the guideline range); United States v. Moore, 931 F.2d 245, 250 (4th Cir. 1991) (government's promise to refrain from recommending a specific sentence did not restrict the government from seeking a severe prison term).

Affirmed in part, Dismissed for want of jurisdiction in part.