IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 01-10957
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEROME MACK HARDY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-443-ALL-D
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jerome Mack Hardy appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He first argues that the district court erred in sentencing him to the highest end of the applicable guidelines range. This argument fails because there is no authority by which a defendant may challenge where his sentence falls within a properly calculated guidelines range. See United States v. Pena, 125 F.3d 285, 286 (5th Cir. 1997); United States v. O'Banion, 943

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 1422, 1431 (5th Cir. 1991); see also United States v. Byrd, 263 F.3d 705, 707 (7th Cir. 2001).

Hardy next argues that the evidence was insufficient to sustain his conviction. Three elements are required to prove an offense under 18 U.S.C. § 922(g)(1): "(1) that the defendant had previously been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997). Hardy challenges the third element, arguing essentially that 18 U.S.C. § 922(g)(1) cannot constitutionally be construed to cover the intrastate possession of a handgun merely because it traveled across state lines at some unspecified point in the past. As he concedes,[**] however, this argument is foreclosed by United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002).

Hardy has not demonstrated any error in the district court's judgment. Accordingly, that judgment is AFFIRMED.

---

[**] Hardy seeks to preserve the issue for Supreme Court review.