**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio MARTIN, Defendant–
Appellant.**

No. 02–1319.

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.

Decided July 24, 2002.

Before BAUER, RIPPLE, and MANION, Circuit Judges.

### ORDER

Antonio Martin pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 188 months' imprisonment. Mr. Martin appeals, and his counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern any nonfrivolous issue for appeal. Counsel's brief is facially adequate and Mr. Martin has not responded, although he

was given opportunity to do so. *See* Cir. R. 51(b). We accordingly confine our review to the potential issues identified in counsel's brief and the related portions of the record. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

The uncontested facts presented during Mr. Martin's change-of-plea colloquy establish that between December 1998 and March 1999 Mr. Martin worked with fellow members of the Black Gangster New Breed, a Chicago gang, to distribute heroin in Indianapolis, Indiana. The gang used a cellular phone to communicate with customers. A wiretap on that phone captured several calls in which Mr. Martin, who worked as a street-level dealer, agreed to provide heroin to individuals on behalf of one of his co-conspirators, Macklin Brown. The heroin sold by the gang was bundled in "balls" of approximately five grams, and the gang sold approximately 900 grams of heroin per month. Mr. Martin participated in the conspiracy for three months—December 1998 and February and March 1999—during which time the gang distributed approximately 2.7 kilograms of heroin. After Mr. Martin was arrested, he admitted that he had been involved in the distribution of heroin, and various members of the gang stated that Mr. Martin was part of their drug distribution conspiracy.

In Mr. Martin's pre-sentence investigation report ("PSR"), the probation department calculated his offense level at 32 under United States Sentencing Guideline § 2D1.1(c)(4) (possession of between 1 and 3 kilograms of heroin). The PSR further recommended that he be given a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), giving him at total offense level of 29.

Based on his extensive prior criminal conduct, Mr. Martin was assigned a criminal history category of VI, which led to a sentencing range of 151–188 months' imprisonment. The district court adopted the PSR's recommendations, and sentenced Mr. Martin to the top of the prescribed sentencing range.

Counsel first examines whether Mr. Martin could challenge his guilty plea on the basis that the court failed to comply with Federal Rule of Criminal Procedure 11 during his change-of-plea colloquy. But Mr. Martin did not seek in the district court to withdraw his guilty plea, so only plain error could justify relief. *United States v. Vonn*, — U.S. —, —, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). We note, however, that nothing suggests that Mr. Martin now wants to withdraw his guilty plea, and we recently observed that an attorney should not raise arguments concerning defective plea colloquies in an *Anders* submission unless he is certain that the defendant wants to withdraw his plea. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

■ In any event, the record establishes that Mr. Martin's guilty plea was legally valid and that his plea colloquy complied fully with Fed.R.Crim.P. 11. The court informed Mr. Martin of the nature of the charges against him, the applicable mandatory minimum and maximum sentences he faced, the effect of supervised release, and the application of the Guidelines to his case. *See* Fed.R.Crim.P. 11(c)(1). The court also informed him of his right to maintain his plea of not guilty, and explained the rights he was giving up by pleading guilty, including his right to a jury trial. *See* Fed.R.Crim.P. 11(c)(3) and (4). The court also told Mr. Martin that he could be charged with perjury if he gave any false answers during the plea colloquy, *see* Fed.R.Crim.P. 11(c)(5), and

made sure that he was pleading guilty voluntarily and had not been threatened or given any promises to induce his plea, *see* Fed.R.Crim.P. 11(d). Finally, the government presented facts establishing all of the elements of a conspiracy charge, and Mr. Martin agreed that the facts as presented by the government were accurate. *See* Fed.R.Crim.P. 11(f). We therefore agree with counsel that any challenge to the voluntariness of Mr. Martin's plea agreement would be frivolous.

■ Counsel also considers whether Mr. Martin could challenge the sentence imposed by the district court. Mr. Martin did not file any written objections to the calculation in his PSR of either his criminal history category or his offense level, and both he and his attorney affirmatively informed the court at sentencing that they did not object to the calculations in the PSR. Mr. Martin has therefore waived any challenge to these calculations on appeal. *See United States v. Scanga,* 225 F.3d 780, 783 (7th Cir.2000), *cert. denied,* 531 U.S. 1097, 121 S.Ct. 827, 148 L.Ed.2d 709 (2001) (explaining that waiver, as opposed to forfeiture, "occurs when a defendant intentionally relinquishes a known right") (quotation marks and citation omitted). To the extent that Mr. Martin would attempt to challenge the length of his sentence, which was imposed within the applicable Sentencing Guideline range, we lack jurisdiction to consider his arguments. *See United States v. Byrd,* 263 F.3d 705, 707 (7th Cir.2001) (per curiam).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Mr. Martin's appeal.