**UNITED STATES of America,**

v.

**Richard O'HARA, Appellant.**

**No. 01–4141.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 9, 2002.

Decided Dec. 11, 2002.

Before BECKER, Chief Judge, ROTH and SMITH Circuit Judges.

## OPINION OF THE COURT

BECKER, Chief Judge.

This is an appeal by the defendant Richard O'Hara from a judgment in a criminal case following a jury trial during which the jury found O'Hara guilty of two counts of mail fraud. O'Hara was sentenced to three months home detention followed by three years probation. O'Hara filed a *pro se* notice of appeal. His counsel, Glenn A. Zeitz, Esq., has filed a brief in support of his motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he has carefully reviewed the entire record and has discovered no reasonable or non-frivolous avenue of appeal. However, faithful to the requirements we have imposed in such situations, *see United States v. Marvin,* 211 F.3d 778 (3d Cir.1999), Zeitz has attempted to uncover the best possible arguments for his client. As will appear, we are satisfied that he has fulfilled his *Anders* obligations, and agree with his estimate of the appeal.

The government's case was bottomed on the notion that O'Hara devised a scheme to defraud his insurance company by giving his vehicle to a "chop shop" and then reporting it stolen. More specifically, the jury had before it the testimony of two "insiders" of the chop shop—William Stauffer and Frank Ozga, who testified that O'Hara's car was brought into the shop as an insurance "give-up." The linchpin of the case was the uncontradicted evidence that the car had been "chopped" in November 1998, three months before O'Hara said it was stolen. Moreover, Stauffer, one of the chop shop employees provided the FBI with the insurance card taken from the vehicle, showing that this was the same vehicle that the defendant had reported stolen three months later.

On February 6, 1999, O'Hara reported to Philadelphia Police Officer James Owen that he had parked his blue 1990 Chevrolet pick-up truck in the area of 3165 Richmond Street at approximately 9:00 p.m. on February 5, 1999, and that upon his return to that area two hours later he discovered that his vehicle had been stolen. O'Hara subsequently filed a claim with the Insurance Company of the State of Pennsylvania, which is part of American International Group (AIG), for the purported theft on February 5, 1999.

It is also noteworthy that on February 12, 1999, O'Hara called an insurance adjuster at AIG, Lillian Stanton, and complained about the fact that he had to fill out all the forms, stating that he felt like AIG was treating him like a criminal. Nevertheless, following the conversation, O'Hara completed the "theft package" and mailed it back to AIG. On the basis of the claim by O'Hara that his truck had been

stolen, AIG mailed him a check on March 25, 1999. O'Hara stipulated to the admission of the claim letter and forms that had been mailed to him by Stanton and to the admission of the check that had been sent to him by AIG. Additionally, he stipulated that these documents (which were the mailings charged in the indictment) were sent through the United States mail.

Zeitz writes in his brief that:

> In the present case, Appellant could conceivably argue that because no person observed appellant: (1) driving the blue chevy (sic) truck; (ii) interact with any of the car thieves or "choppers," (iii) nor observed appellant use the U.S. mail to transport documents, that the Government failed to prove its case beyond a reasonable doubt. The Government's case while strong, is circumstantial in that no one observed appellant directly breaking any law.
>
> Counsel has been unable to discern any other potential issues which could be argued on appeal.

In view of our recitation of the government's evidence we are satisfied that these potential arguments are nothing but makeweights and that, to repeat, Zeitz has fulfilled his *Anders* obligations.

In his informal *pro se* brief, O'Hara claims that his trial counsel was ineffective in not presenting any defense witnesses at trial and in not conducting a complete investigation. We have consistently declined to entertain ineffective assistance claims on direct appeal, holding that such claims should be raised in collateral proceedings pursuant to 28 U.S.C. § 2255. *See, e.g. United States v. Jake*, 281 F.3d 123, 132 n. 7 (3d Cir.2002). That principle applies here. The exception to the principle (sufficiency of the record for determination) does not apply. O'Hara's other claims—that a juror should have been excused for sleeping during the trial and of

outrageous government conduct—are simply unsupported by the record.

The judgment of the District Court will be affirmed. Counsel's request to withdraw is granted. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).