**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kitrus BINION, Defendant–Appellant.**

**No. 02–1678.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 16, 2002.*

Decided Dec. 27, 2002.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**370**

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Kitrus Binion was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e). A month la-

ter, he pleaded guilty to an unrelated bank robbery charge, 18 U.S.C. § 2113(a). The district court sentenced Binion to 293–months' imprisonment on the felon-in-possession charge and 210–months' imprisonment on the bank robbery charge to run concurrent. Binion filed a timely notice of appeal from his felon-in-possession sentence, but did not appeal from the separate bank robbery sentence. His counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he considers the appeal frivolous. Binion was notified of the *Anders* motion, *see* Circuit Rule 51(a), and filed a response asserting an issue not raised by counsel. Because the *Anders* brief is adequate on its face, we limit our review to those issues identified in the brief and the response. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Binion did not raise these issues in the district court, so our review is only for plain error. *See* Fed.R.Crim.P. 52(b). We grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Binion could challenge the constitutionality of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Binion argues that § 922(g)(1) is unconstitutional because the Commerce Clause does not authorize Congress to reach the purely intrastate possession of a firearm by a convicted felon. But as counsel correctly notes, we have repeatedly rejected Commerce Clause challenges to the felon-in-possession statute. *See, e.g., United States v. Fleischli*, 305 F.3d 643, 652–53 (7th Cir.2002); *United States v. Lemons*, 302 F.3d 769, 772–73 (7th Cir. 2002); *United States v. Mitchell*, 299 F.3d 632, 635 (7th Cir.2002). Similarly, an argument that Binion's sentence under § 924(e) is cruel and unusual punishment also fails. *See United States v. Hayes*, 919 F.2d 1262, 1265–66 (7th Cir.1990) (reject-

ing Eighth Amendment challenge to § 924(e)). We agree with counsel that an appeal on these issues would be frivolous.

■ Counsel next considers whether a non-frivolous argument could be raised regarding an identification of Binion by witness John Webb. A district court should suppress an out-of-court identification when it is unduly suggestive and not reliable under the totality of the circumstances. *United States v. Traeger,* 289 F.3d 461, 474 (7th Cir.2002). We look at five factors when evaluating reliability: "(1) the witness' opportunity to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty that the witness demonstrated at the time of the confrontation, and (5) the time elapsed between the crime and the confrontation." *Id. (citing Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). Webb, a store manager, confronted Binion and his companion, Sheila Merriweather, and accused them of shoplifting. As Binion and Merriweather left the store, Webb saw a flash of silver in Binion's hand. Webb followed them outside the store, and Binion pointed a gun directly at Webb. After Webb returned to the store, Binion aimed the gun at Webb through the store's windows. Webb provided the police with a detailed description. Twenty minutes later, the police brought Binion to the store for identification. Webb was certain that Binion was the man who pointed a gun at him. Viewed under the totality of the circumstances, we agree with counsel that a challenge to Webb's identification would be frivolous.

■ Counsel also suggests that Binion could challenge the sufficiency of the evidence supporting his conviction. To succeed on a sufficiency of the evidence challenge, Binion must prove that, viewing the evidence in the light most favorable to the prosecution, a rational jury could not have found the elements of § 922(g) and § 924 beyond a reasonable doubt. *Fleischli,* 305 F.3d at 657. Here, Binion's companion Merriweather and Webb testified that they saw Binion holding a gun during the confrontation. Police Officer Ronald Santa testified that he saw Binion running away from the store with a gun in his hand. Viewing the evidence in a light most favorable to the government, we believe that an argument that the evidence was insufficient would be frivolous.

■ Counsel also says that, in closing argument, the prosecutor "vouched" for two witnesses' credibility and that Binion could argue that the statements deprived him of his due process rights. The prosecutor stated that Webb "didn't stretch his testimony to tell you something he didn't know" and that "as [Merriweather] told you, she intends to tell the truth. I suggest that's what she did." (Counsel's Brief at 17, *quoting* Trial Transcript at 184, 186.) We will first decide whether the comments in isolation were improper. *United States v. Anderson,* 303 F.3d 847, 854 (7th Cir. 2002). If the comments were improper, we will consider the whole record to determine whether the defendant was deprived of a fair trial. *Id.* In particular, we consider five factors: "1.) the nature and seriousness of the misconduct; 2.) the extent to which the comments were invited by the defense; 3.) the extent to which any prejudice was ameliorated by the court's instruction to the jury; 4.) the defense's opportunity to counter any prejudice; and 5.) the weight of the evidence supporting the conviction." *Id.* (internal quotations omitted). Additionally, under the plain error standard, we must consider whether the outcome of the trial would have been different but for the prosecutor's statements. *Id.*

In isolation, the prosecutor's comments were improper. *See United States v. Cornett,* 232 F.3d 570, 575–76 (7th Cir.2000) (stating that a prosecutor improperly vouches for a witness's credibility when she expresses her personal opinion about the witness's truthfulness). Considering all of the allegedly improper statements in the context of the whole record, however, there is no reason to believe the outcome of the trial would have been different absent the statements. The judge instructed the jury that closing arguments were not evidence and that they were the sole judges of a witness's credibility. The prosecutor did not vouch for the credibility of Officer Santa, who saw Binion holding the gun. Santa testified that he saw Binion running behind a house with a gun in his hand, but when he came around the house, Santa did not see the gun. Police officers later located a gun behind the house. Because Santa's testimony provides a sufficient basis for a guilty verdict, Binion cannot show that the prosecutor's comments affected the outcome of the trial.

■ Next counsel considers whether Binion may be able to challenge his sentence because the court considered facts outside the record without giving him notice and opportunity to rebut the information. During sentencing, the district court stated that information it obtained from Binion's accomplice's case rounded out the picture of Binion's life, and then went on to sentence him to the highest point within the guideline range. Counsel concludes that any challenge to Binion's sentence based on this comment would be without merit, and we agree. We lack jurisdiction to review a district court's sentence within a correct guideline range unless it erred as a matter of law or misapplied the guidelines. *United States v. Byrd,* 263 F.3d 705, 707 (7th Cir.2001). Binion does not challenge the court's calculation of his guideline range or argue that the court otherwise erred in applying the guidelines. Thus, any challenge by Binion to his sentence would be frivolous.

Finally, counsel explores whether Binion could argue that he was denied a fair trial because a juror fell asleep during trial and counsel provided ineffective assistance. In his response, Binion mentions several ways in which counsel was allegedly ineffective: counsel did not argue that Binion's alleged low I.Q. affected his competency to stand trial, refused to call a witness, "coerced and tricked" him into going to trial, did not challenge the indictment, did not challenge the out-of-court identification, and "never had any intentions on [sic] assisting Mr. Binion from the start." We do not address the sleeping juror and ineffective assistance claims on direct appeal because the record in this case lacks evidence relevant to those claims. *United States v. Fuller,* 312 F.3d 287, 291 (7th Cir.2002). If Binion can in fact prove those claims, a motion under 28 U.S.C. § 2255 in the district court would be the proper channel.

Binion raises one issue that counsel did not raise. He claims that the indictment does not charge the crime for which he was tried because it charges him with a May 1996 robbery. Among other things, an indictment must adequately state the elements of the charged offense and inform the defendant of the charges. *United States v. Anderson,* 280 F.3d 1121, 1124 (7th Cir.2002). Binion's indictment does not charge him with robbery as he alleges–it charges him with possession of a gun after being convicted of felonies six times (one of which was the May 1996 robbery). Binion's argument is without merit.

For the foregoing reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.